NICHOLAS M. GROSS, CA Bar No. 285403
  ngross@foley.com
FOLEY & LARDNER LLP
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

EMMA SOLDON, CA Bar No. 345323
  esoldon@foley.com
FOLEY & LARDNER LLP
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

Attorneys for Defendants ROBERT POPE
and GREGORY COOK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIA SNOVER, BY AND THROUGH HER GUARDIAN AD LITEM JORDAN CALLIHAN, *ET AL.*,<br><br>PLAINTIFFS,<br><br>V.<br><br>CARE PROFESSIONAL LIABILITY ASSOCIATION, LLC, *ET AL.*,<br><br>DEFENDANTS. | CASE NO: 5:25-CV-01219-FMO-SHK<br><br>**DEFENDANTS ROBERT POPE AND GREGORY COOK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY**<br><br>Judge: Hon. Fernando M. Olguin<br><br>Hearing on Motion<br>Date: July 10, 2025<br>Time: 10:00 a.m.<br>Ctrm: 6D |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Robert Pope and Gregory Cook (the "Moving Defendants") hereby move this Court pursuant to 28 U.S.C. §§ 1404 and 1412, and FED. R. BANKR. P. 7087, to transfer this case to the United States District Court for the Western District of Kentucky (the "Western District of Kentucky"), for referral to the United States Bankruptcy Court for the Western District of Kentucky (the "Bankruptcy Court"), as an adversary proceeding arising from and related to the Chapter 7 bankruptcy proceeding entitled *In re CARE Professional Liability Association, LLC*, No. 3:25-bk-30811 (Bankr. W.D. Ky. Apr. 8, 2025) (the "Bankruptcy Case"). Sections 1404(a) and 1412 each allow the Court to transfer this case in the interest of justice and for the convenience of the parties. *See* 28 U.S.C. §§ 1404(a), 1412. A transfer of venue is in the interest of justice because the lawsuit is "related to" the Debtor's bankruptcy and should therefore be litigated in the Bankruptcy Court, and because the Trustee has exclusive standing to bring alter ego claims related to the Debtor, such as the ones in this lawsuit. Transferring the case likewise promotes the convenience of the parties by centralizing related proceedings in the Bankruptcy Court, reducing the risk of duplicative litigation and inconsistent rulings, and facilitating the economical and efficient administration of the bankruptcy estate.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On or about October 8, 2024, Plaintiffs Adria Snover, by and through her Guardian ad Litem Jordan Callihan, and Aruna Gupta, M.D. ("Plaintiffs") commenced this action against Defendant CARE Professional Liability Association, LLC (the "Debtor") and Does 1-50, inclusive, by filing a complaint in the Superior Court for the State of California, Riverside County, styled *Snover v. CARE Professional Liability Association, LLC*, Case No. CVRI2405748. The complaint alleged breach of the implied covenant of good faith and fair dealing, breach of written contract, fraud, and declaratory relief.

On April 1, 2025, Plaintiffs filed a First Amended Complaint ("FAC") against the Debtor and Does 1-50, inclusive, alleging the same causes of action. On April 4, 2025, Plaintiffs amended the FAC to identify and name the Moving Defendants and Defendant David Prisco as previously designated Doe defendants.

On April 8, 2025, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court. The resulting bankruptcy case was assigned Case No. 3:25-bk-30811 and is pending before the Honorable Charles R. Merrill (the "Bankruptcy Case"). An Interim Trustee, Stephen Barnes, ("Trustee") has been appointed in the Debtor's Bankruptcy Case and is administering the Debtor's bankruptcy estate. (*See In re CARE Professional Liability Association, LLC*, No. 3:25-bk-30811 (Bankr. W.D. Ky. Apr. 8, 2025), at Dkt. 3.) On April 8, 2025, the Debtor filed a Notice of Stay of Proceedings only as to itself pursuant to the automatic stay imposed by Bankruptcy Code § 362.

On April 17, 2025, the Moving Defendants were served with a summons and copy of the original complaint. On May 19, 2025, the Moving Defendants removed the lawsuit to this Court. (Dkt. 1.)

## III. LEGAL STANDARD

Following removal of a pending state court civil action to a district court, the removing party may file a motion to transfer venue of the proceeding to have it adjudicated by the bankruptcy judge presiding over the bankruptcy case in the district where the bankruptcy case is pending. *See generally* 28 U.S.C. §§ 1404, 1412, 1452. Consistent with the policy of administering claims in a centralized proceeding, the Federal Rules of Bankruptcy Procedure and the statutes governing venue in bankruptcy cases (28 U.S.C. §§ 1408–1412) allow a court, after notice and a hearing, to "transfer an adversary proceeding, or any part of it, to another district under 28 U.S.C. §1412."[1] FED. R. BANKR. P. 7087; *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) ("Congress intended to grant

---

[1] Rule 7082 states: "On motion and after a hearing, the court may transfer an adversary proceeding, or any part of it, to another district under 28 U.S.C. §1412 —except as provided in Rule 7019 (b)." Fed. R. Bankr. P. 7087. Rule 7019(b) governs situations where an entity is joined as a party and raises a defense of improper venue, which is inapplicable to the present case. *See* Fed. R. Bankr. P. 7019(b).

comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate."). Section 1412 allows a district court to "transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

Likewise, in non-bankruptcy cases, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations" to determine whether "a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62–63 (2013) (internal quotations omitted); *see also Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759 (C.D. Cal. 2016) ("In deciding a motion to transfer venue, the court typically weighs a number of public and private factors, including (1) plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations.") (citing 15 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE §§ 3841–55 (2007)).

The standards applied to transfer motions under sections 1404(a) and 1412 are identical. *See, e.g.*, *In re Emerson Radio Corp.*, 52 F.3d 50, 55 (3d Cir. 1995) ("[S]ection 1412 largely include[s] the same criteria for transfer of cases as section 1404(a), i.e., 'the interest of justice' or the 'convenience of the parties,' yet [it does] not include the limitation that a transfer may be made only to a district where the action might have been brought."); *Hechinger Liquidation Trust v. Fox (In re Hechinger Inv. Co. of Del., Inc.)*, 296 B.R. 323, 325 (Bankr. D. Del. 2003) ("A determination of whether to transfer venue under § 1412 turns on the same issues as a determination under § 1404(a)."); *Nw. Airlines, Inc. v. Los*

1 *Angeles* (*In re Nw. Airlines, Corp.*), 384 B.R. 51, 60 n.1 (S.D.N.Y. 2008) ("Courts have construed the criteria under Sections 1404(a) and 1412 to be substantially similar.").

## IV. ARGUMENT

Transferring the lawsuit to the Bankruptcy Court would satisfy both the interest of justice and the convenience of the parties prongs of 28 U.S.C. §§ 1404(a) and 1412.

### A. A Transfer of Venue Is in the Interest of Justice

#### 1. This Lawsuit Is Related to Bankruptcy and Should Be Litigated in the Bankruptcy Court

There is a well-settled presumption that "related to" proceedings should be litigated in the "home court." *Hohl v. Bastian*, 279 B.R. 165, 177–78 (W.D. Pa. 2002) ("[T]he home court presumption provides that a court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation, including those suits which have been filed in other state or federal courts); *Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 267 (M.D. N.C. 2001) ("[M]any courts presume that the proper venue for a proceeding related to a bankruptcy case is in the district hearing the bankruptcy case"); *In re Vital Link Lodi, Inc.*, 240 B.R. 15, 19 (Bankr. W. D. Mo. 1999) ("The general rule is that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction."); *In re Sudbury*, 149 B.R. 489, 493 (Bankr. N. D. Ohio 1993) (same).

A civil proceeding is "related to" a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy case. *See In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)); *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987) (same); *see also In re Marshall*, 600 F.3d at 1050–55. "Proceedings 'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Vacation Village, Inc. v. Clark County, Nev.*, 497 F.3d 902, 911 (9th Cir. 2007) (quoting *Celotex Corp v. Edwards*, 514 U.S. 300, 307 (1995)) (internal citations omitted).

The lawsuit is "related to" the Bankruptcy Case for three reasons. *First*, the claims and causes of action in the lawsuit directly relate to the Debtor because the Debtor is a defendant, and indeed, was initially the only named defendant. All the claims in the lawsuit are directly related to the Debtor's business. The agreements at issue in the lawsuit are between a wholly-owned subsidiary of the Debtor and Plaintiffs, and the claims involve the alleged conduct of the Debtor. The only basis through which Plaintiffs tie the Moving Defendants to the claims in the lawsuit is a conclusory theory of alter ego. Thus, the outcome of the lawsuit could have an effect on the estate administered by the Bankruptcy Case.

*Second*, the lawsuit is related to the Bankruptcy Case because Plaintiffs seek to recover jointly and severally against both the Debtor and the Moving Defendants and allege that any finding of liability would apply equally to the Debtor as well. (*See* FAC ¶ 176 ["Such a declaration is necessary and appropriate at this time in order that plaintiffs may pierce the corporate veil of CARE LLC, hold CARE LLC, Robert Pope and Greg Cook joint and severally liable for the March 31, 2025 arbitration judgment."].) Even if the Court could separate Plaintiffs' claims against the Debtor from its claims against the Moving Defendants, it cannot separate the alleged joint and several liability, and the lawsuit is related to the Bankruptcy Case. *See W. Thrift & Loan v. Homeowners Lending Corp.*, No. 2:10-CV-0464-RLH-RJJ, 2010 WL 11512191, at *2 (D. Nev. May 24, 2010) (concluding that lawsuit is related to bankruptcy case where plaintiff sought to recover jointly and severally among debtor and other defendants).

*Third*, the lawsuit is an attempt to control property of the Debtor's estate. Plaintiffs seek to hold the Moving Defendants liable for claims against the Debtor through an alter ego theory of liability. (*See* FAC ¶¶ 26, 93, 120, 144, 161 & Prayer for Relief on the Fourth Cause of Action ¶¶ 6–7 (alleging alter ego liability among the Debtor, CARE Risk Retention Group, Inc., the Moving Defendants, and others).) Such a theory of liability could not be successful without piercing the Debtor's corporate veil, and therefore any

recovery under the lawsuit would necessarily involve the Debtor and its assets.[2] Further, the alter ego theories of liability are claims held by the Trustee on behalf of the Debtor's estate and all creditors and parties in interest in the Bankruptcy Case, and therefore the Trustee has exclusive standing to bring such claims. *See In re Capriati Constr. Corp., Inc.*, BAP NV-17-1200-BHTA, 2018 WL 1404439, at *6–*7 (B.A.P. 9th Cir. Mar. 20, 2018) (holding that state court alter ego claims against a non-debtor principal of the debtor were property of the debtor's bankruptcy estate and therefore belonged exclusively to the trustee or debtor in possession); *see also Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1251 (9th Cir. 2010) (explaining that a trustee is a real party in interest to an alter ego theory that alleges injury to the debtor-corporation itself). At its core, the lawsuit is an attempt to control property of the estate and recover on claims that the Trustee has exclusive standing to bring while avoiding the purview of the Bankruptcy Court.

Since this lawsuit is related to the Bankruptcy Case, the Court should follow the well-settled presumption that "related to" proceedings should be litigated in the "home court" and transfer the venue to the Western District of Kentucky, for referral to the Bankruptcy Court. *See Hohl*, 279 B.R. at 177–78; *Blanton*, 260 B.R. at 267; *In re Vital Link Lodi, Inc.*, 240 B.R. at 19; *In re Sudbury*, 149 B.R. at 493. The Bankruptcy Court is the proper venue for this related adversary proceeding because the claims at issue in this lawsuit undoubtedly involve assets of the Debtor, contracts between Plaintiffs and a wholly-owned subsidiary of the Debtor, and alleged Debtor conduct. Allowing this lawsuit to be litigated in the Bankruptcy Court is in the interest of justice under 28 U.S.C. §§ 1404(a), 1412.

### 2. This Lawsuit Should Be Litigated in the Bankruptcy Court Because Only the Trustee Has Standing to Bring These Claims

The Bankruptcy Court is the proper venue for Plaintiffs' claims because the Trustee has the exclusive jurisdiction to bring alter ego claims related to the Debtor. *See In re*

---

[2] To be clear, the Moving Defendants dispute such allegations.

*Capriati Constr. Corp., Inc.*, BAP NV-17-1200-BHTA, 2018 WL 1404439, at *6–*7 (B.A.P. 9th Cir. Mar. 20, 2018) (holding that state court alter ego claims against a non-debtor principal of the debtor were property of the debtor's bankruptcy estate and therefore belonged exclusively to the trustee or debtor in possession); *see also Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1251 (9th Cir. 2010) (explaining that a trustee is a real party in interest to an alter ego theory that allegations injury to the debtor-corporation itself). The alter ego theories of recovery center on allegations that are directly related to the bankruptcy estate in that they (1) directly implicate the administration of the bankruptcy estate and (2) they allege conduct and injuries to the Debtor that would give rise to claims that the Debtor would have against the Defendants. (*See, e.g.*, FAC ¶ 152 [alleging that the Moving Defendants "engage in behavior designed to maximize their personal profit while leaving CARE Inc undercapitalized, underinsured, and unable to meet its potential obligations"].) And the Trustee would bring such claims, if viable, in an adversary proceeding in the Bankruptcy Court.

### B. A Transfer of Venue Is for the Convenience of the Parties

Transferring venue of the lawsuit to the Bankruptcy Court promotes the convenience of the parties by centralizing related proceedings in the forum already handing the Debtor's bankruptcy. *See Abrams v. Gen. Nutrition Cos.*, No. CIV.A. 06-1820 (MLC), 2006 WL 2739642, at *9 (D.N.J. Sept. 25, 2006) (finding the economic and efficient administration of the estate is an important fact in considering a transfer of venue); *Dunlap v. Friedman's, Inc.*, 331 B.R. 674 (S.D. W. Va. 2005) (finding the economic and efficient administration of the estate is the most important fact in considering a transfer of venue). Such a transfer will avoid duplicative litigation, reduce the risk of inconsistent rulings, and ensure efficient coordination and administration of claims within the bankruptcy process. *See id.* It also places the lawsuit before a court with expertise in bankruptcy-related issues, such as alter ego claims involving the Debtor and claims administration. More importantly, as explained above, Plaintiff does not even have standing to bring the alter ego claims in any court, as the Trustee has exclusive standing. *See In re Capriati Constr. Corp., Inc.*, 2018 WL

1404439, at *6–*7; *Ahcom, Ltd.*, 623 F.3d at 1251. If such claims were viable and the Trustee chose to bring them, the Trustee would bring them in an adversary proceeding in the Bankruptcy Case. Thus, transferring the lawsuit to the Western District of Kentucky, for referral to the Bankruptcy Court, promotes the convenience of the parties under 28 U.S.C. §§ 1404(a), 1412.

## V.  CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that this Court transfer this matter to the United States District Court for the Western District of Kentucky, for referral to the United States Bankruptcy Court for the Western District of Kentucky, as an adversary proceeding arising from and related to the Chapter 7 bankruptcy proceeding entitled *In re CARE Professional Liability Association, LLC*, No. 3:25-bk-30811 (Bankr. W.D. Ky. Apr. 8, 2025).

Dated:  May 27, 2025

**FOLEY & LARDNER LLP**
NICHOLAS M. GROSS
EMMA SOLDON


By: */s/ Nicholas M. Gross*
NICHOLAS M. GROSS
Attorneys for Defendants ROBERT POPE
and GREGORY COOK